UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____________

MAZAL MADLEN ULFAN,

Plaintiff,

v.

MSC CRUISES, S.A.

Defendant.
________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, MAZAL MADLEN ULFAN, is a United States citizen and citizen and resident of New York.

2. Defendant, MSC CRUISES, S.A. ("MSC"), is a foreign corporation with its principal place of business and headquarters in Geneva, Switzerland.

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 as the parties to this matter are completely diverse. In the alternative, this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1333 (the Court's admiralty jurisdiction) because the case presents a maritime tort.

4. At all times material hereto, Defendant, personally or through an agent:

a. Operated, conducted, engaged in or carried out a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial business activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

e. Committed acts set out in this Complaint that occurred in whole or in part in this county and/or state; and/or

f. Issued a cruise line ticket to the Plaintiff that required that suit be brought in this Court against the named Defendant in this action.

5. At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this State.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States. Notwithstanding the application of General Maritime Law and, pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all claims asserted herein.

**FACTS COMMON TO ALL COUNTS**

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, the *Meraviglia.*

8. At all times material, Defendant operated the *Meraviglia* in navigable waters.

9. Defendant, as a common carrier, was engaged in the business of providing to the public, and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Meraviglia*.

10. At all times material, Plaintiff was a paying passenger and lawfully aboard the *Meraviglia*.

11. On or about August 26, 2025, the Plaintiff sustained severe bodily injuries when she fell down steps in the Deck 6 theatre aboard the vessel (hereinafter referred to as the "subject area").

12. A picture illustrative of the subject steps in the subject area is excerpted below:



13. As a result of the subject incident, Plaintiff suffered injuries that include, but are not limited to her: shoulder, including open fracture, nose, and needed surgeries and/or procedures to address her shoulder injuries, during which she suffered infection and gallbladder removal, in addition to other medical complications caused by the injuries and related surgeries/procedures.

14. The subject area constituted a dangerous condition for reasons that include, but were not limited to:

a. The steps in the subject area did not have reasonably accessible handrails;

b. The steps constituted an unreasonable change in elevation;

c. The changes in elevation were not reasonably marked as such; and

d. The theatre was poorly lit; and as such, the above outlined dangerous conditions were not open nor obvious to Plaintiff.

15. Prior to the subject incident, Defendant knew and/or should have known of the dangerous condition(s) outlined above for reasons that include, but were not limited to:

a. The International Building Code, Section 1011 requires that stairs have handrails on each side of the stairway. *See* IBC § 1011. The subject vessel was put into service in 2017, and at that time, the International Building Code was in effect and relied upon by MSC in developing the subject vessel. Given this, MSC knew

or should have known of the International Building Code provision at the time the ship was put into service;

b. In the fifteen minute period before Plaintiff's incident, an MSC crewmember was stationed at the entrance of the subject theatre, ushering passengers into the theatre and to their seats. MSC stationed a crewmember there to monitor the number and volume of passengers entering the theatre and assist passengers in need to their seat. This was a corrective action enacted by MSC to prevent passenger trip and fall injuries in the theatre. This MSC crewmember had a flashlight. However, this MSC crewmember did not assist Plaintiff to her seat;

c. In the same Deck 6 theatre, and on another set of steps within that theatre, MSC had installed a handrail and warning lights on *another* set of steps, and a warning sign as to the change of elevation posed by the steps – but MSC did not enact these same safety measures on the subject steps. *See* picture excerpted below. Given the differences between the two set of steps in the same theatre, MSC knew or should have known the subject set of stairs needed a handrail(s) to make them reasonably safe for passengers and warnings, but MSC failed to do same:



*Picture 1 – Illustrates another set of steps in the subject theatre where MSC installed a handrail and warning lights and signs on steps that read "watch your step"*



*Picture 2 – Illustrates another set of steps on MSC's vessel which better captures the warning sign on MSC's steps that read "watch your step"*

d. The pictures excerpted above supports a factual finding that Defendant attempted to remedy the unreasonably dangerous change in elevation posed by the subject steps by attempting to warn passengers of same. Because Defendant attempted to remedy the dangerous condition, Defendant is charged with actual notice of the dangerous condition posed by the unreasonably slippery nature of the subject steps. *See e.g. Carroll v. Carnival Corp*., 955 F.3d 1260, 1265 (11th Cir. 2020) ("Evidence that a ship owner has taken corrective action can establish notice of a dangerous or defective condition").

**COUNT I – NEGLIGENT FAILURE TO MAINTAIN**

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) above as though alleged originally herein and further alleges:

16. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances, which included a duty to reasonably maintain the subject area in a reasonably safe condition.

17. On or about August 26, 2025, Defendant and/or its agents, employees and/or crewmembers breached its duty to provide the Plaintiff with reasonable care under the circumstances, through negligent acts and/or omissions that include, but were not limited to:

a. Failure to reasonably maintain the subject area and/or subject steps with reasonably accessible handrails;

b. Failure to reasonably maintain the subject area and/or subject steps with adequate lighting.

18. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being severely injured.

19. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

20. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

## COUNT II – GENERAL NEGLIGENCE

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) above as though alleged originally herein and further alleges:

21. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

22. On or about August 26, 2025, Defendant and/or its agents, employees and/or crewmembers breached its duty to provide the Plaintiff with reasonable care under the circumstances, through negligent acts and/or omissions that include, but were not limited to:

a. Failure to provide Plaintiff with a reasonably safe place to walk in the subject area, such as providing reasonably accessible handrails;

b. Failure to provide Plaintiff with reasonably safe stairs to walk on in the subject area, such as installing adequate lighting in the subject area or on the subject steps;

c. Failure to reasonably assist Plaintiff to a seat in the theatre;

d. Failure to adequately and regularly inspect the subject area for dangerous conditions, such as the lack of reasonably accessible handrails and/or inadequate lighting; and/or

23. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being severely injured.

24. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

25. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

## COUNT III – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) above as though alleged originally herein and further alleges:

26. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

27. At all times material hereto, it was the duty of Defendant to warn passengers of dangers that were known, or reasonably should have been known, to Defendant in places where passengers are invited to or may reasonably be expected to visit.

28. On or about August 26, 2025, the Plaintiff was on or about Deck 6 of the subject vessel, which is a place that the Plaintiff was invited to by Defendant and a place Defendant reasonably expected the Plaintiff to be in during the subject cruise.

29. On or about August 26, 2025, Defendant and/or its agents, employees and/or crewmembers breached its duty to warn the Plaintiff of the dangerous conditions outlined above through negligent acts and/or omissions that include, but were not limited to:

a. Failure to sufficiently warn the Plaintiff that the subject area did not contain reasonably accessible handrails;

b. Failure to sufficiently warn the Plaintiff as to the dangerous change in elevation posed by the subject steps;

c. Failure to sufficiently warn the Plaintiff that MSC would not reasonably assist her to a seat;

d. Failure to sufficiently warn passengers and the Plaintiff of other fall accidents which previously occurred in the same area, on same deck and/or on same flooring surface as Plaintiff's incident.

30. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being severely injured.

31. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

32. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and the Plaintiff's working ability has been impaired. The injuries are

permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

Dated: May 29, 2026.

Respectfully submitted,

LIPCON, MARGULIES,
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd.
Suite 1480
Coral Gables, FL 33134
Telephone: (305) 373-3016
Facsimile: (305) 373-6204

By: */s/ Luis Alexander Perez*
**LUIS ALEXANDER PEREZ**
Florida Bar No. 125452
aperez@lipcon.com